UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 13          7171**

WILLIAM DALESSANDRO AND
JOSEPHINE DALESSANDRO

            Plaintiffs,

      v.

THE VILLAGE OF PLANDOME, THE
COUNTY OF NASSAU AND NASSAU
COUNTY POLICE OFFICERS JOHN DOE
1, JOHN DOE 2, JOHN DOE 3, JOHN DOE
4, JOHN DOE 5, and JOHN DOE 6.

            Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

FEUERSTEIN, J.

Plaintiffs William Dalessandro and Josephine Dalessandro, by their attorneys, Mitchell, Silberberg & Knupp LLP, for their complaint against Defendants the Village of Plandome, the County of Nassau and Nassau County Police Officers John Does 1-6, alleges as follows:

## NATURE OF THE ACTION

1.      The Fourth Amendment of the U.S. Constitution provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated." The U.S. Supreme Court has explained that "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *Illinois v. Rodriguez*, 497 U.S. 177, 191 (1990) (citation omitted). The Fourth Amendment applies to the states through the Fourteenth Amendment of the U.S. Constitution.

2.      This is a civil rights action under 42 U.S.C. § 1983 arising from the unconstitutional search of the Plaintiffs' home and the deprivation of Plaintiff William

Dalessandro's property and liberty interests by the Village of Plandome, the County of Nassau and Nassau County Police Officers John Does 1-6. The Defendants, and each of them, acting individually and in concert, and as the agent of each other, violated the Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

3.     The unconstitutional conduct of the Village of Plandome, the County of Nassau and Nassau County Police Officers John Does 1-6 reveals an intentional, reckless disregard of the core constitutional protections and rights afforded by the United States Constitution to all citizens, including the Plaintiffs, to be free from unreasonable government intrusions into their home and coercive threats by police to force entry into their home in the middle of the night, and to be free from unwarranted and unconstitutional interference with Plaintiffs' property and liberty interests and the use and enjoyment of their home, and the concomitant right to be free in their homes from warrantless, police–state type searches by police officers working on behalf of government entities.

4.     On or about December 12, 2012, the Police officer defendants John Does 1-3, acting individually, and in concert, and as the co-agent of one another, and acting on behalf of the Village of Plandome, the County of Nassau and the Nassau County Police Department entered Plaintiffs' home without a search warrant and without probable cause violating Plaintiffs' Fourth and Fourteenth Amendment rights to the United States Constitution.

5.     On September 19, 2013 the Police officer defendants John Does 4- 6, acting individually, and in concert, and as the co-agent of one another, and acting on behalf of the Village of Plandome, the County of Nassau, and the Nassau County Police Department threatened to enter into Plaintiffs' home under false pretenses, claiming falsely that a search

2

warrant was about to be issued, all of which was a lie and artifice intended to violate Plaintiffs' constitutional rights and coerce and intimidate Plaintiffs to again be subject to an unconstitutional search of Plaintiffs' home in violation of Plaintiffs' liberty and property rights protected by the Due Process clause of the Fifth and Fourteenth Amendment to the United States Constitution.

6.      As this case illustrates, the Village of Plandome, the County of Nassau and the Nassau County Police Department failed to train their police officers to respect the constitutional rights of citizens. Accordingly, the Plaintiffs are entitled to compensatory damages arising from the violation of their constitutional and civil rights and resulting injury, and for punitive damages to punish and deter the Defendants from engaging in unconstitutional conduct in the future, and for the recovery of statutory attorney's fees and costs.

**JURISDICTION AND VENUE**

7.      This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343, this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights under the United States Constitution  and 42 U.S.C. §1983 .

8.      Venue in this District is also proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred in Nassau County, a county within the boundaries of the Eastern District of New York.

3

5674607.3

## PARTIES

9.     Plaintiff William Dalessandro ("William") is a United States citizen and resides in the County of Nassau in the State of New York.

10.     Plaintiff Josephine Dalessandro, William's wife, is a United States citizen and resides in the County of Nassau in the State of New York.

11.     Plaintiffs own and occupy as their home, a private residence located at 1 Madonia Court, Plandome, New York, 11030.

12.     Defendant Village of Plandome is an incorporated entity located in the County of Nassau.

13.     Pursuant to Chapter 37 of the Plandome Village Code, the Village of Plandome contracts for police services with the County of Nassau and utilizes the Nassau County Police Department as its police force.

14.     Defendant County of Nassau is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant County of Nassau assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant County of Nassau was at all times relevant herein the public employer of Defendants Nassau County Police Officers John Does 1-6.

15.     Defendants Nassau County Police Officers John 1, John Doe 2, and John Doe 3 are employees of the Nassau County Police Department. Their identities and places of business presently are unknown. These Defendants personally participated in the unconstitutional search

4

5674607.3

of the Plaintiff's residence on or about December 12, 2012. At all relevant times, these

Defendants were acting under color of state law and in the scope of their employment with the

Nassau County Police Department. They are being sued in their individual capacities, pursuant

to 42 U.S.C. § 1983.

16.    Defendants Nassau County Police Officers John Doe 4, John Doe 5 and John

Doe 6 are employees of the Nassau County Police Department. Their identities and places of

business presently are unknown. These Defendants personally participated in the

unconstitutional intrusion of William's liberty and property rights on or about September 19,

2013. At all relevant times, these Defendants were acting under color of state law and in the

scope of their employment with the Nassau County Police Department. They are being sued in

their individual capacities, pursuant to 42 U.S.C. § 1983.


## FACTUAL ALLEGATIONS


17.    After midnight on December 12, 2012, Plaintiffs William and Josephine

Dalessandro ("William," "Josephine" and/or "Plaintiffs"), together with their adult son, Michael,

were inside their home. Plaintiffs' home is located on a residential street in the Village of

Plandome.

18.    The interior lights to the home were off and Plaintiffs were asleep. The Plaintiff

Josephine Dalessandro suffers from a progressive neurological disease and is bedridden and

confined to a wheelchair. Plaintiff William Dalessandro is over 74 years of age. Mrs.

Dalessandro is 70 Years of age.

5

19.     Plaintiffs are law abiding citizens who have resided in their Plandome home for more than 20 years.

20.     On the evening of December 11, 2012, and the early morning hours of December 12, 2012, the Plaintiff Josephine Dalessandro was asleep in a first floor room where she sleeps because of her infirmity. Plaintiff William Dalessandro was asleep in his second floor bedroom. His adult son Michael was also asleep in a second floor bedroom.

21.     At or about 3:00 a.m. on the morning of December 12, 2012 , Defendants Nassau County Officers John Doe 1, John Doe 2 and John Doe 3, arrived at Plaintiffs' home and knocked loudly on the front door.

22.     Mr. Dalessandro awakened from a deep sleep, responded and asked  through the door who was knocking at the door at 3 a.m. in the morning.

23.     One of the police officers said that there was a report of loud voices in the vicinity of Plaintiffs' home.

24.      William Dalessandro told the officers through the door that he had been  sleeping but that he heard no loud voices,  and that everyone in his home was asleep.

25.     There were no loud noises emanating from the house.

26.     The officers brusquely  demanded that  William let them search his home.

27.     William refused, again telling them that everyone was asleep, that no loud noises had occurred and that everything was peaceful and quiet in his home.

28.     Upon information and belief, the police officers made no independent investigation on their arrival to substantiate  any purported report of loud noises emanating from

the vicinity of Plaintiffs' residence. They did not  describe the noises to William , except that there were reports  from someone  about loud yelling.

29.     There were no loud noises nor unusual sound or circumstances coming from inside the house at the time of the officers' arrival at Plaintiffs' door at 3 a.m.

30.     The officers did not hear or observe any evidence that any person inside the home who was in distress, injured or in need of emergency assistance.

31.     The officers  did not observe anything indicating any disturbance, or that any criminal or dangerous  activity was, or had been  taking place within the Plaintiffs home or the surrounding area.

32.     The officers, nevertheless persisted, and again the officers in loud voices demanded that William let them into the home to conduct a search of his home in the middle of the night.

33.     William finally asked the officers if they had a warrant.

34.      One officer responded by shouting, "we don't need a warrant!"

35.     An officer then yelled that he would "break down the door" and forcibly enter William's home, if William did not  consent to a search, and  continued to refuse to allow the officers into Plaintiffs' home.

36.     Again, there was no evidence of any disturbance  coming from the Plaintiffs home and very one was sleeping inside, except William, who had been awakened by the police.

37.     An officer yelled that he would arrest William if he did not let them into the house.

7

38.     William opened the door and again unequivocally told the officers that he and his family had been asleep and that there were no noises originating from his home.

39.     William repeatedly objected to a search, and the loud and threatening police tactics.

40.     Despite William's persistent objections, the officers aggressively insisted that he allow them to enter on threat of arrest.

41.     William again asked the officers if they had a warrant, and one of the John Doe 1-3 police officers again responded by shouting, "we don't need a warrant!" and William would be arrested if he did not let them into the house.

42.     Faced with this coercion and afraid for his own safety and damage to his property, William was forced to allow these police officers to enter his home against his will.

43.     The officers coerced their way into William's home by these blatant and aggressive threats.

44.     Once inside the door, the officers over William's emphatic objection, conducted an extensive and intrusive search of Plaintiffs' home that lasted more than a quarter of an hour.

45.     The police search extended to every room and every floor of the home.

46.     During their sweep of the home's first floor, the officers forced their way into the bedroom where Josephine, who suffers from a critical medical condition, had been sleeping.

47.     The officers yelled at Josephine to wake up and, while she grappled to comprehend the officers' sudden presence in her bedroom, the officers subjected her to a barrage of questions.

8

48.     The officers found no evidence of any urgency, emergency or crime on the first floor.

49.     The police officers continued to coerce William who was still protesting this illegal search; pushed past him up the stairs to the second floor, and continued their invasive search through the home's second floor.

50.     On the second floor, the officers next forcibly entered the bedroom of Plaintiffs' son, Michael, who they found was also asleep, and questioned him.

51.     Again, the officers found no evidence of any urgency, emergency or crime on the second floor or anywhere else in Plaintiffs' home.

52.     The search confirmed that there was no emergency or disturbance occurring within the home.

53.     The police stormed off without an apology.

54.     There existed no fact at any time that provided a reasonable basis for their coerced and forced entry into and invasive, unconsented to, search of the Plaintiffs' home. They did not find any person in distress, injured or in need of assistance. They found no evidence of fighting or violence. The police found no evidence of any criminal activity or danger whatsoever at any time.

55.     As a result of the Plaintiffs' unlawful, unconstitutional, intrusive and threatening search on or about December 12, 2012, the Plaintiffs were stricken with fear, anxiety and emotional distress, and their constitutional and civil rights were violated.

9

56.     On or about September 19, 2013, Plaintiffs were again at their home, peaceably going about their business. During this time, there was limited repair and restoration work being conducted on Plaintiffs' property. Plaintiff William was home overseeing the workers.

57.     At or about 12:00 noon, Defendants, Officers John Doe 4 and John Doe 5, arrived at Plaintiffs' home in one marked police car. Police Officer John Doe 6 was parked across the street from Plaintiffs' home. The marked police car parked in a manner that completely blocked the driveway, eliminating access to and from the Dalessandro home.

58.     William approached the officers in his driveway to ask why they were there. The officers informed William that they were dispatched to facilitate a search of his home by the building inspector for the Village of Plandome.

59.     The Plandome building inspector was not present.

60.     William asked the officers if they had a warrant to search his home. The officers replied that the warrant was in the process of being issued and that they would return on Monday, September 23, 2012 to execute it.

61.     No warrant had been issued.

62.     The building inspector did not request that a warrant be issued.

63.     There was no probable cause for the issuance of a warrant.

64.     On information and belief, the conduct of John Does 4, 5 and 6 was a rouse and artifice designed and used by defendants to intimidate and coerce Plaintiff William to get him to allow another illegal and unconstitutional search of his home, and to further harass and intimidate the Plaintiffs.

5674607.3

65.     On information and belief, this conduct was intended to harass William by threat of government action and interfere with his ability to complete lawful renovations to his home.

66.     On information and belief, this harassment was part of plan initiated by elected officials of the Village of Plandome to interfere improperly, unlawfully and unconstitutionally with Plaintiffs' property rights and liberty interests.

67.     The tactics used by the defendants and each of them caused Plaintiffs compensatory damages, fear, anxiety and emotional distress, and violated their constitutional and civil rights.

68.     William later discussed the incident with the building inspector, who advised William that he never requested a warrant to inspect the Dalessandro home and had not contacted the police to facilitate entry.

69.     The building inspector stated that the Mayor and others in the Plandome government had initiated the police conduct.

## FIRST CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983
## DEPRIVATION OF CONSTITUTIONAL RIGHTS

70.     Plaintiffs repeat and re-allege Paragraphs 1-69 above.

71.     Defendants, and each of them, deprived Plaintiffs of their rights under the Fourth and Fourteenth Amendments when they entered and conducted a search of their home without a valid warrant, without consent, and in the absence of exigent circumstances.

11

72.     At all relevant times, Defendants acted under the color of state law and in their individual and official capacities and within the scope of their employment when they deprived Plaintiffs of their constitutional rights.

73.     The Defendants acted with intentional, knowing, callous, and/or reckless indifference to the Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendment to the United States Constitution when they entered and searched the Plaintiffs' home on or about December 12, 2012.

74.     As a direct and proximate result of Defendants' unconstitutional search of his home, Plaintiffs have suffered mental anguish, emotional distress, embarrassment, humiliation, and other non-economic injuries, for which Plaintiffs are entitled to an award of compensatory damages against the Defendants, and each of them.

75.     Plaintiffs are entitled to an award of punitive damages to punish the Defendants for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

## SECOND CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983
## DEPRIVATION OF CONSTITUTIONAL RIGHTS

76.     Plaintiffs repeat and re-allege Paragraphs 1-75 above.

77.     Defendants deprived Plaintiffs of their respective liberty interest under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution when they blocked Plaintiffs driveway, gave William false information about a pending warrant, interfered with Plaintiffs' property and liberty rights  and engaged in the harassing and threatening conduct described above in this complaint.

12

5674607.3

78.     At all relevant times, Defendants acted under the color of state law and in their

individual and official capacities and within the scope of their employment when they deprived

Plaintiffs of their constitutional rights.

79.     The Defendants acted with intentional, knowing, callous, and/or reckless

indifference to the Plaintiffs' rights under the  Fourth Fifth and Fourteenth Amendments  to the

United States Constitution when they engaged in the conduct alleged in this complaint.

80.     As a direct and proximate result of the Defendants' acts depriving Plaintiff of his

liberty interests, Plaintiffs suffered mental anguish, emotional distress, embarrassment,

humiliation, and other non-economic injuries, for which Plaintiffs is to an award of

compensatory damages against the County of Nassau Police Officers John Doe 4, John Doe 5,

John Doe 6,  , County of Nassau, and The Village of Plandome.

81.     Plaintiff is entitled to an award of punitive damages to punish the Defendants for

their unconstitutional conduct and to deter them from engaging in similar unconstitutional

conduct in the future.

### THIRD CAUSE OF ACTION
### PURSUANT TO 42 U.S.C. § 1983
### MUNICIPAL LIABILITY FOR DEPRIVATION OF FOURTH AND FIFTH
### AMENDMENT RIGHTS
### ( Against County of Nassau and the Village of Plandome)

82.     Plaintiffs repeat and re-allege Paragraphs 1-81 above.

83.     Upon information and belief, the unconstitutional search of the Plaintiffs' home

was ordered and/or conducted pursuant to an officially promulgated policy sanctioned or ordered

by the Nassau County Police Department, County of Nassau and the Village of Plandome

13

84.     Upon information and belief, the unconstitutional search of Plaintiffs' home was ordered and/or conducted pursuant to a pervasive custom or practice of the Nassau County Police Department that has been approved by the County of Nassau and the Village of Plandome and/or that the County of Nassau and the Village of Plandome are or should be aware of.

85.     Upon information and belief, the unconstitutional search of the Plaintiffs' home was authorized by one or more high-ranking County of Nassau and Village of Plandome officials who have final policymaking authority in this area.

86.     Upon information and belief, the County of Nassau and the Village of Plandome were deliberately indifferent to the Plaintiffs' constitutional rights and failed to train and supervise the Nassau County Police Department officers who ordered and/or conducted the unconstitutional search of the Plaintiffs' home and the deprivation of Plaintiffs' liberty interests.

87.     As a direct and proximate cause of the County of Nassau and the Village of Plandome's culpable conduct in connection with the unconstitutional search of Plaintiffs' home and the deprivation of Plaintiffs' property and liberty interests, Plaintiffs have suffered mental anguish, emotional distress, embarrassment, humiliation, and other non-economic injuries, for which he is entitled to an award of compensatory damages against the County of Nassau and the Village of Plandome.

## JURY DEMAND

88.     Plaintiffs hereby demand a jury pursuant to the Seventh Amendment of the United States Constitution and Fed. R. Civ. P. 38.

14

5674607.3

WHEREFORE, Plaintiffs demand the following relief against Defendants, the Village of Plandome, the County of Nassau and Police Officers John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6:

  A. Compensatory damages against all defendants jointly and severally in favor of Plaintiffs in an amount to be determined by a jury;

  B. Punitive damages against all defendants jointly and severally in favor of Plaintiffs in an amount to be determined by a jury;

  C. Reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d), and all other applicable laws and rules; and

  D. Such other and further relief as this Court may deem just and proper.

DATED: New York, New York
    December 10, 2013

MITCHELL SILBERBERG & KNUPP LLP

By: _____
  Paul D. Montclare (pdm@msk.com)
  12 East 49th Street, 30th Floor
  New York, New York 10017-1028
  Telephone: (212) 509-3900
  Facsimile: (212) 509-7239
  Attorneys for Plaintiffs
  William A Dalessandro and Josephine
  Dalessandro

15